# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

ISSAC L GADDY,

    Petitioner,

v.                                                                       CASE NO. 1:13-cv-00158-MP-GRJ

SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 12, 2015. (Doc. 17). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at Doc. 18. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The Court agrees with the Magistrate Judge that counsel was not deficient for failing to call the girlfriend to testify. The record shows that defense counsel stated in open court, with the defendant present, that the defendant had been consulted and agreed that they would not call the girlfriend as a witness. This was a reasonable tactical decision as the girlfriend was the victim of the original attack that led to the police contact. Second, petitioner argues that the State did not prove all the elements of aggravated assault on a law enforcement officer because, in his view, the State failed to introduce evidence that he intentionally and unlawfully threatened by word or act to do

violence towards the law enforcement officer. This claim was not raised on direct appeal and should have been, so it is procedurally barred. Also, if intended to be brought as a claim of ineffective assistance, it also fails. The officer testified that petitioner stepped towards him with a knife while saying, "Come on." A rational jury could find that this showed an intentional threat to do harm, and any objection or motion by counsel would not have succeeded. Finally, the Court agrees with the Magistrate Judge and state 3.850 judge that neither Giglio or Brady would apply to the recording of the victim's call to police. Also, the recording is excepted from Florida's hearsay rule as a spontaneous statement, excited utterance and then a record of a regularly conducted activity. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. 1, is DENIED. A certificate of appealability is DENIED.

**DONE AND ORDERED** this  *29th* day of October, 2015

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge